## In re F. W. HALL & SONS.

(District Court, W. D. Missouri, S. W. D.   March 17, 1913.)

No. 298.

1. BANKRUPTCY (§ 225*)—PROCEEDINGS BEFORE REFEREE—WAIVER OF OBJECTION.

In a bankruptcy proceeding, where the administrator of the estate of a decedent, who claimed the property as the individual property of his intestate, had appeared generally, without attacking the jurisdiction, in response to an order of the referee to show cause, had pleaded to the merits, and went to trial upon the issues, without questioning the jurisdiction, he acquiesced in the form of procedure, and cannot, after an adverse decision, contend that the referee should have proceeded against him by action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 384; Dec. Dig. § 225.*]

---

2. Bankruptcy (§ 151*)—Property of Bankrupt—Holding Out as Partners.

> Where H. acquired property 10 days before his death, and turned it over to his sons, to be handled by them under the firm name of H. & Sons, and his heirs made no claim thereto until the bankruptcy of the firm, the administrator cannot, after the bankruptcy, claim the property as individual property, since the acts of the decedent and his heirs amounted to a standing declaration to those dealing with the firm that the property belonged to it.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 193; Dec. Dig. § 151.*]

In Bankruptcy. On objections by the administrator of F. W. Hall, deceased, to the decision of the referee in bankruptcy proceedings against F. W. Hall & Sons, a copartnership composed of John F. Hall, Samuel J. Hall, and David B. Hall. Decision of referee sustained.

H. W. Timmonds, of Lamar, Mo., for trustee.

R. M. Sheppard, of Joplin, Mo., for administrator.

POPE, District Judge. [1] The first point made against the decision of the referee is that he was without jurisdiction to deal in a summary way with the controversy between the trustee and the administrator of the estate of F. W. Hall, but that any such controversy should have been determined by a suit brought in the ordinary way. Whatever force this contention might have had in the presence of an objection to the referee's jurisdiction at the outset, the objection must be considered as waived by the course pursued by the administrator. To the order to show cause issued by the referee the administrator appeared generally, without making any question upon the jurisdiction of the referee, pleaded to the merits, and prayed that he might be discharged and permitted to retain possession of the property as the administrator of said F. W. Hall. He went to trial upon the case made by the pleadings, and raised no question as to the jurisdiction of the referee until this petition for review from the referee's decision was filed. Under this state of the record the case is within Bryan v. Bernheimer, 181 U. S. 188, 197, 21 Sup. Ct. 557, 45 L. Ed. 814, wherein it is held upon the same condition of the record that the adverse party must be deemed to have acquiesced in the form of procedure adopted, and cannot be heard after an adverse decision to raise a question of jurisdiction.

[2] Upon the merits of the present case, a careful consideration of the record leads to a concurrence in the referee's conclusions and in much of the reasoning by which the conclusions are reached. So much of the stock as was bought after the death of F. W. Hall manifestly did not belong to his estate. As to the portion which F. W. Hall had acquired and turned over within ten days before his death to his sons, to be administered by them under the firm name of F. W. Hall & Sons, the conclusion to be announced is hardly less clear. The act of F. W. Hall in intrusting this to a firm thus entitled was a standing declaration to creditors of such firm, both before and after

his death, that it was an asset of the business and one upon which they might extend credit. His administrator succeeded to no higher ground than was occupied by the deceased. Since the latter was satisfied to have the stock, as it existed in September, 1910, controlled by an entity known as F. W. Hall & Sons, and since his heirs at law were satisfied to have this arrangement continued until the very day before a proceeding in bankruptcy, drawing, during the intervening 16 months, from the business for their support, it would savor of great injustice at such late date to permit an administrator to seize and hold what his intestate and what the beneficiaries for whom he is acting have effectively said by their conduct belonged to the business and not to the estate; especially where, as here, the result would be to leave creditors who have sold upon the appearances of the business absolutely without remedy.